CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 2 2006

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   Case No. 7:06M149 |
| | ) |
| BRYAN D. MACKEY,<br>    Defendant. | )  By:  Hon. Michael F. Urbanski<br>)         United States Magistrate Judge |

## MEMORANDUM OPINION

This matter is before the court following the trial of defendant for violations arising on the Blue Ridge Parkway ("Parkway"). Defendant Bryan D. Mackey ("Mackey") was charged with violations of 36 C.F.R. §§ 4.23(a)(1), (2), concerning driving under the influence ("DUI"), and a violation of 36 C.F.R. § 4.21, speeding.[1]

At trial, defendant claimed the certificate of analysis revealing his blood alcohol content ("BAC") was inadmissible because the government did not properly file the certificate seven (7) days prior to trial as required by Virginia law. Defendant also argued admission of the certificate would violate the due process clause of the United States Constitution.

At the close of evidence, the court found defendant guilty of speeding 55 miles per hour in a 45 miles per hour zone, in violation of 36 C.F.R. § 4.21. The court imposed a fine of $70, a processing fee of $25, and a mandatory special assessment of $10. The court took the DUI charge under advisement to issue a written ruling addressing defendant's objections to the admissibility of the document. The court gave the parties ten (10) days to further brief the issues. Neither party has filed a brief in this case.

---

[1] This violation was charged as case number 7:06M142.

For the reasons set forth in this Memorandum Opinion, the court finds no merit to defendant's objections and therefore finds defendant guilty of violating 36 C.F.R. § 4.23(a)(2). A sentencing hearing will be set.

I

Defendant was the driver of a motor vehicle stopped for a traffic violation on the Parkway by Ranger Parr on March 13, 2006. Ranger Parr observed defendant's eyes to be glassy and his speech slurred. As a result, Ranger Parr administered a series of field sobriety tests to determine whether Mackey was impaired. Ranger Parr testified at trial that the horizontal gaze nystagmus test indicated impairment. During the walk and turn test, defendant was unable maintain his balance, used his arms for balance, staggered, and failed to turn as instructed. Defendant swayed back and forth during the one leg stand test. Ranger Parr testified that defendant's performance on all of the field tests indicated impairment. Based on these field sobriety tests, as well as the results of the preliminary breath tests, Ranger Parr found probable cause to arrest defendant for driving under the influence.

Ranger Parr testified that the defendant was then transported to have a sample of his breath tested using the Intoxilyzer 5000. As Ranger Parr is not certified to operate the Intoxilyzer 5000 in Virginia, Ranger Buxton administered the breath test to defendant on the night in question. At trial, Ranger Buxton testified that he has been certified to operate the Intoxilyzer 5000 since 1996, and that he received specialized training in the operation of the machine in 1996 in Oklahoma, and again in 2000 in Virginia. He presented his certification card to the court at trial. Ranger Buxton testified that he administered the Intoxilyzer 5000 test to the defendant in

2

this case, in the presence of Ranger Parr, and that the machine registered Mackey's BAC at .17 grams of alcohol per 210 liters of breath.

Based on this result, defendant was charged with violations of 36 C.F.R. §§ 4.23(a)(1), (2). The relevant sections read:

> (a) Operating or being in actual physical control of a motor vehicle is prohibited while:
>
> (1) Under the influence of alcohol, or a drug, or drugs, or any combination thereof, to a degree that renders the operator incapable of safe operation; or
>
> (2) The alcohol concentration in the operator's blood or breath is .08 grams or more of alcohol per 100 milliliters of blood or .08 grams or more of alcohol per 210 liters of breath....

36 C.F.R. 4.23(a). The government presented the results of the Intoxilyzer 5000 test at trial in the form of a certificate of analysis documenting defendant's BAC of .17, which was admitted as government's exhibit 2. Defendant objected to the admission of the certificate, claiming the government failed to file it seven (7) days prior to trial as required by Virginia law, and that the admission of said document violates the due process clause.

## II

Defendant first objects to the admission of the certificate of analysis, which indicates defendant's BAC was twice the legal limit, because the government failed to comply with the Virginia statute requiring the certificate be filed with the court seven (7) days prior to trial. Va. Code Ann. § 19.2-187. Defendant argues that since the Code of Federal Regulations fails to outline DUI procedures, Virginia procedural requirements must be incorporated under 36 C.F.R.

3

§ 4.2. In this case, the certificate was not filed with the clerk seven (7) days prior to the trial held on June 1, 2006.

The Code of Federal Regulations expressly adopts state traffic law for violations not specifically covered in the federal regulations concerning national parks. 36 C.F.R. § 4.2(a) provides as follows:

> Unless specifically addressed by regulations in this chapter, traffic and the use of vehicles within a park area are governed by State law. State law that is now or may later be in effect is adopted and made a part of the regulations in this part.

Defendant's reliance on 36 C.F.R. § 4.2 is misplaced in this case, as 36 C.F.R. § 4.23(a) specifically addresses DUI violations on the Parkway and § 4.23(c) contains regulations concerning tests to be administered to determine intoxication. See United States v. Farmer, 820 F. Supp. 259, 263 (W.D. Va. 1993) (finding 36 C.F.R. § 4.2 inapplicable because DUI offenses are specifically addressed in § 4.23). Thus, state law is inapposite, and the court is not required to apply Virginia procedural requirements. Id. at 263; cf. United States v. Daras, No. 98-4286, 1998 U.S. App. LEXIS 26552, at *5-6 (4th Cir. Oct. 16, 1998) (holding prosecutions under the Assimilative Crimes Act require assimilation of state substantive law pertaining to the elements of an offense and its punishment, but not state procedure or rules of evidence).

The court in Farmer held that Virginia statutory procedures are inapplicable where the federal regulations specifically provide for an offense. Section 4.23 specifically addresses DUI violations on the Parkway. Accordingly, the court finds no merit in defendant's argument that the certificate is inadmissible because the government failed to file it with the Clerk seven (7) days prior to trial.

4

Defendant's due process argument fails for the same reasons. Defendant argued at trial that a failure to incorporate Virginia procedures under 36 C.F.R. § 4.2 for DUI offenses violates due process.[2] As the Farmer court specifically held that the Virginia seven (7) day filing requirement is inapplicable to federal prosecutions of DUI under 36 C.F.R. § 4.23, the undersigned declines to find that a failure to incorporate the Virginia procedural rule under 36 C.F.R. § 4.2 violates due process. The Code of Federal Regulations clearly addresses DUI violations on the Parkway in 36 C.F.R. § 4.23(a), and the associated tests used to determine impairment in § 4.23(c). Section 4.2 need not be invoked.

To the extent that defendant's due process argument is based on the confrontation clause of the Sixth Amendment, such an argument too must fail. The Court of Appeals of Virginia recently addressed this issue in Luginbyhl v. Commonwealth, 618 S.E.2d 347, 2005 Va. App. LEXIS 329 (2005). In Luginbyhl, a confrontation clause issue was raised because a blood alcohol certificate was admitted at trial without the testimony of the officer who administered the test, allegedly in violation of defendant's Sixth Amendment right. Id. at *5.

The court held that the result of a breath test contained in a certificate of analysis was not hearsay evidence and therefore did not implicate the confrontation clause of the Sixth Amendment. Id. at *6. The court held that evidence that is not a statement from a human witness is not hearsay. Id. at *8. The breath test result was generated by a machine and does not

---

[2] In his closing argument, defendant argued that just as the court looks to Virginia penalties for violations of 36 C.F.R. § 4.23(a), due process requires that the court look to Virginia procedure governing DUI offenses. However, contrary to defendant's argument at trial, the court is not required to invoke state penalties for violations of 36 C.F.R. § 4.23(a). Because the Code of Federal Regulations specifically addresses DUI violations, the Assimilative Crimes Act, 18 U.S.C. § 13, does not apply and the court is not required to impose like state penalties as it would be under the Assimilative Crimes Act.

5

depend on the administering officer's veracity or perceptive abilities. Id. at *9. Therefore, the breath test does not implicate the Sixth Amendment. Id. at *11.

However, the court found that the administering officer's statements on the certificate as to his license to operate the machine and the proper working of the machine are hearsay, and without the officer present to cross examine, defendant's Sixth Amendment rights are implicated. Id. at *12-14 (ultimately holding that because such statements are non-testimonial, the Commonwealth did not have to show unavailability and prior opportunity for cross examination); see Crawford v. Washington, 541 U.S. 36, 68 (2004) ("Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross examination.").

In this case, Ranger Buxton testified that he administered the Intoxilyzer 5000 test to the defendant on the night in question. Thus, he was available for cross examination at trial as to his qualifications to operate the machine as well as the proper working of the machine. The Ranger testified that he is licensed to operate the Intoxilyzer 5000 in Virginia and that the machine was tested and determined to be in proper working order. Therefore, a due process argument rooted in the confrontation clause also lacks merit. See United States v. McGavock, No. 7:05M404, 2005 U.S. Dist. LEXIS 24615, at *15-17 (W.D. Va. Oct. 18, 2005).

### III

For these reasons, the court finds defendant guilty of violating 36 C.F.R. § 4.23(a)(2), driving under the influence on the Blue Ridge Parkway. Inasmuch as the court finds the defendant guilty of violating 36 C.F.R. § 4.23(a)(2), the additional charge under 36 C.F.R. § 4.23(a)(1) is dismissed.

The Clerk is directed to serve a copy of this opinion to all counsel of record and schedule a sentencing hearing.

Enter this 12th day of June, 2006.

/s/ Michael F. Urbanski
Michael F. Urbanski
United States Magistrate Judge