CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 3 0 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:06M149 |
| | ) | |
| BRYAN D. MACKEY, | ) | By: Hon. Michael F. Urbanski |
| Defendant. | ) | United States Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendant's motion for reconsideration of the court's June 12, 2006 Memorandum Opinion finding defendant Bryan D. Mackey ("Mackey") guilty of violating 36 C.F.R. § 4.23(a)(2). On March 13, 2006, Mackey was charged with speeding, a violation of 36 C.F.R. § 4.21, and driving under the influence, violations of 36 C.F.R. §§ 4.23(a)(1), (2). A trial was held before the undersigned on June 1, 2006, at which time the court found defendant guilty of speeding and took the driving under the influence charges under advisement. The court gave the parties ten (10) days to file further briefs on all issues.

The undersigned issued a Memorandum Opinion on June 12, 2006 finding Mackey guilty of violating 36 C.F.R. § 4.23(a)(2) and dismissing the charge under § 4.23(a)(1). The court rejected defendant's objections to the admission of the certificate of analysis documenting defendant's blood alcohol content of .17 grams of alcohol per 210 liters of breath. Defendant claimed at trial that the certificate was inadmissible because the government failed to file it seven (7) days prior to trial as required by Virginia law, and admission of the certificate would violate due process. At the time the court rendered its Opinion, neither party had submitted a brief on the issues.

On June 15, 2006, the court received a letter from defendant's counsel further outlining the objections made at trial. The undersigned entered an Order the same day construing

defendant's filing as a motion for reconsideration, and gave the United States an additional ten (10) days to respond. The government filed a response brief on June 26, 2006. Thus, this matter is ripe for decision.

In his brief, defendant argues Va. Code Ann. § 19.2-187, requiring the government to file a certificate of analysis seven (7) days prior to trial, is applicable to this case because 36 C.F.R. § 4.2 states "[u]nless specifically addressed by regulations in this chapter, traffic and the use of vehicles within a park area are governed by State law." Mackey claims that 36 C.F.R. part 4 only addresses the admissibility of a defendant's refusal to submit to testing, and does not address the admissibility of any other evidence relevant to this case. Thus, strictly construing the language of 36 C.F.R. § 4.2, defendant concludes that both substantive and procedural Virginia law apply to this case. Defendant asserts that to hold otherwise violates the "Goose and Gander Rule," as the court applies Virginia procedural statutes providing for automatic chain of custody, the acceptability of equipment used, and the validity of testing methods. Defendant also argues that failing to abide by Va. Code Ann. § 19.2-187, requiring advance filing of the certificate to prevent "trial by ambush," deprives the defendant of due process.

The United States contends that 36 C.F.R. § 4.2 is not applicable to this case, because 36 C.F.R. § 4.23, the regulation under which Mackey has been charged, specifically addresses driving under the influence cases. The government argues that 36 C.F.R. § 4.2 does not become applicable simply because a regulation lacks information on procedural matters. The United States further claims defendant has not established due process violations, as Mackey never requested a continuance to examine the certificate of analysis, and defendant had the opportunity at trial to cross-examine both the arresting officer as well as the officer who administered the Intoxilyzer 5000 test.

2

As the district court has directly addressed the applicability of Virginia's seven (7) day filing requirement in United States v. Farmer, 820 F. Supp. 259, 263 (W.D. Va. 1993), and found 36 C.F.R. § 4.2 inapplicable to cases such as Mackey's, the court declines to reconsider its June 12, 2006 ruling. Defendant's reliance on 36 C.F.R. § 4.2 is misplaced in this case, as driving under the influence offenses are specifically addressed in 36 C.F.R. § 4.23, and as a result, Virginia law is inapposite. Furthermore, as outlined in the court's June 12, 2006 Memorandum Opinion, admitting the certificate of analysis into evidence does not jeopardize defendant's due process rights.

Defendant has failed to raise any new evidence or argument to warrant reconsideration of the undersigned's June 12, 2006 Memorandum Opinion. For these reasons, defendant's motion for reconsideration is **DENIED**. The court finds defendant guilty of violating 36 C.F.R. § 4.23(a)(2), driving under the influence on the Blue Ridge Parkway. This case will now be set for sentencing.

It is so **ORDERED**.

The Clerk is directed to serve a copy of this Memorandum Opinion and Order to all counsel of record.

Enter this 30th day of June, 2006.

Michael F. Urbanski
United States Magistrate Judge

3

Case 7:06-po-00149-mfu   Document 10   Filed 06/30/06   Page 3 of 3   Pageid#: 28